[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 6, 2007
THOMAS K. KAHN
CLERK

----------------------------------------
No. 06-16334
Non-Argument Calendar
----------------------------------------

D.C. Docket No. 06-80926-CV-KLR

GEORGE M. MILLER,

Plaintiff-Appellant,

versus

TRUEASIAL SANFORD,
LT. JOSEPH,
MARGARET KOVACS,
R. P. TIFFT,
JOHN DOE,

Defendants-Appellees.

----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
----------------------------------------------------------------

**(December 6, 2007)**

Before EDMONDSON, Chief Judge, BIRCH and PRYOR, Circuit Judges.

PER CURIAM:

George M. Miller ("Miller"), a Florida prisoner proceeding pro se, appeals the district court's dismissal of Miller's civil rights action. We see no reversible error in the district court's order; we therefore affirm.

Miller, a Florida prisoner held at Glades Correctional Institution ("GCI"), filed a complaint pursuant to 42 U.S.C. § 1983 against several GCI officials, alleging the violation of Miller's Fourteenth Amendment due process rights. Miller alleged that, in July 2006, a GCI officer issued a disciplinary report that falsely stated that Miller had lied to the officer. The complaint further alleged that the prison disciplinary team that found Miller guilty of disrespect to an official failed to investigate the charge adequately, was biased against Miller, and committed other procedural errors. As a result of this finding of disrespect, Miller was sentenced to 25 days of disciplinary confinement and 60 days' loss of gain time. Miller also alleged that the supervisory officials at GCI acted with deliberate indifference to Miller's due process rights by approving the disciplinary team's finding and sentence and by denying Miller's grievances and appeals. Miller sought expungement of the disciplinary report and monetary damages.

The magistrate judge recommended that Miller's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) for failure to state a claim on which relief

2

may be granted. The magistrate determined that Miller's suit was barred by <u>Heck v. Humphry,</u> 512 U.S. 477 (1994), and <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997): Miller's "allegations, if true, would necessarily imply the invalidity of the deprivation of gain time alleged in the complaint," and Miller had not alleged – and could not prove – that the prison disciplinary proceeding had been invalidated. After reviewing the magistrate's report and recommendation and Miller's objections thereto, the district court dismissed Miller's complaint. Miller now appeals, arguing that <u>Heck</u> is inapplicable.

We review the district court's <u>sua sponte</u> dismissal of an <u>in forma pauperis</u> complaint for failure to state a claim <u>de novo</u>, viewing the allegations in the complaint as true and construing the <u>pro se</u> pleading liberally. <u>Hughes v. Lott</u>, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

In <u>Heck</u>, the Supreme Court ruled that

> to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

3

Heck, 512 U.S. at 486-87.  Thus, where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[,]. . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  Id. at 487.  In Edwards, the Supreme Court applied Heck to a section 1983 action in which a prisoner alleged that the procedures used in his disciplinary proceeding violated the Fourteenth Amendment.  Edwards, 520 at 643-44.  The Court reached this conclusion even though the prisoner sought only declaratory and monetary relief and did not request restoration of the good-time credits he had lost as a result of the disciplinary action.[1]  Id. at 643.

Miller attempts to distinguish his case from Heck and Edwards by contending that he is merely challenging prison conditions rather than his conviction or the length of his sentence.  But this argument overlooks that, if Miller's allegations are true, he would be entitled to have the misconduct finding reversed and his gain time restored, which would result in a shorter sentence.  See id. at 646. Miller's suit is thus distinguishable from the section 1983 action at

---

[1]The Court suggested that the prisoner had purposefully structured his section 1983 action to avoid application of Preiser v. Rodriguez, 411 U.S. 475, 500 (1973), in which the Court determined that the sole federal remedy for a prisoner seeking restoration of good-time credits was a writ of habeas corpus.  Edwards, 520 at 643-44.

4

issue in Jenkins v. Haubert, 179 F.3d 19 (2nd Cir. 1999), on which Miller relies, because the challenge in Jenkins merely addressed the conditions – not the overall length – of the prisoner's confinement. See id. at 27 (concluding that Heck did not bar prisoner's section 1983 action challenging a term of disciplinary segregation).

Because Miller's section 1983 action necessarily implicates the validity of the duration of his confinement, and Miller has not alleged that the disciplinary decision has been invalidated, his action is barred by Heck and Edwards. We therefore affirm the district court's dismissal.[2]

**AFFIRMED.**

---

[2]Miller also contends that, because the district court filing instructions provided that the required filing fee for his section 1983 complaint was $150, the district court erred in imposing a $350 lien on his prison account to cover the fee. But Miller did not object in district court to the amount of the fee and continued to litigate his suit after being notified of the $350 fee; he cannot now properly argue that the district court erred in assessing the fee. See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) (noting that "an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court" (internal quotation marks and citation omitted).